IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-01266 |
| APPROXIMATELY $53,500.00 ) IN UNITED STATES CURRENCY, ) | |
| Defendant. ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $53,500.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $53,500.00 in United States currency that was seized on or about August 10, 2018 by the Kansas Highway Patrol during a Commercial Vehicle Safety Administration inspection of a semi-truck and trailer at Newell Truck Plaza, in Newton, Kansas, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

## DECLARATION

I, Scott Proffitt, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of September, 2018.

_____
TFO Scott Proffitt
DEA

## AFFIDAVIT

I, Scott Proffitt, being first duly sworn, depose and state:

1. I have been employed as a Kansas Highway Patrol (KHP) Trooper for fourteen (14) years and have been cross-designated as a DEA Task Force Officer for five (5) years. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On or about August 10, 2018, Kansas Highway Patrol (KHP) Lieutenant (LT) Scott Walker performed a Commercial Vehicle Safety Administration inspection on a semi-truck and trailer at Newell Truck Plaza in Newton, Harvey County, Kansas.

4. The trailer was loaded with eight vehicles and during the inspection LT Walker became suspicious of one of the vehicles. At the completion of the truck inspection, LT Walker asked the semi-truck driver for permission to search the combination of vehicles and the load. The driver, whom investigators determine to be an innocent party, granted permission.

5. A search revealed the one suspicious vehicle to contain seven (7) bundles of U.S. currency (USC); one under the front, passenger seats cover, and the other six hidden in the center console area underneath the dash.

6. The bundles were all wrapped in plastic wrap, and had a light coating of what appeared to be a dark colored spice. A later bank count determined the currency total to be approximately $53,500.00.

7. A certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

8. Based on the information set out above, I have probable cause to believe that the approximately $53,500.00 seized by the KHP from SANCHEZ constitutes money or other things of value furnished or

intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the approximately $53,500.00 is subject to forfeiture pursuant to Title 21, U.S.C. § 881.

Scott Proffitt, TFO
DEA

Sworn to and subscribed before me this 24th day of September, 2018.

Notary Public

My Commission Expires: 3-13-2022



AMY WHITE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 3-13-22